to be taxed. Had there been no will the husband would have had no interest. The unreported case of Dodworth, referred to on the argument, is not in conflict with anything that is here decided. That case arose under section 132, and it was sought to charge Dodworth because he took title by deed of gift or other assurance made without valuable or other consideration, and the court held that upon the facts it appeared that such a consideration had been paid. No such question can arise under section 127. That section provides for cases when the devolution of title is by will to take effect on the death of the testator. Judgment affirmed.

---

## Case No. 11,575.

### The RAPID.

[Cited in Judd Linseed, etc., Co. v. The Java, Case No. 7,559. Nowhere reported; opinion not now accessible.]

---

## Case No. 11,576.

### The RAPID.

[1 Gall. 295.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1812.[2]

PRIZE—TRADE WITH ENEMY—PROPERTY IN ENEMY'S COUNTRY—FORFEITURE—CAPTURE.

1. During war all trade with the enemy, unless by permission of the sovereign, is interdicted, and subjects the property engaged therein to confiscation.

[Cited in Caldwell v. Southern Exp. Co., Case No. 2,303; Planters' Bank v. St. John. Id. 11,208; U. S. v. One Hundred Barrels of Cement, Id. 15,945.]

[Cited in Beach v. Kezar, 1 N. H. 186; Perkins v. Rogers, 35 Ind. 145.]

2. A citizen of the United States has not a right to withdraw his property, acquired before the war, from the enemy's country, after he has full knowledge of the war, without the permission of government.

[Questioned in Kershaw v. Kelsey, 100 Mass. 566.]

3. If a vessel be sent from the United States, after knowledge of war, to the enemy's country, to withdraw such property, the vessel and the cargo are confiscated jure belli.

[Cited in Chauncey v. Yeaton, 1 N. H. 156.]

4. The property of citizens taken trading with the enemy is considered as quasi enemy's property.

[Cited in Tait v. New York Life Ins. Co., Case No. 13,726; U. S. v. One Hundred Barrels of Cement, Id. 15,945.]

[Cited in brief in Sands v. New York Life Ins. Co., 50 N. Y. 628.]

5. If property, forfeited to the United States by a breach of the non-importation act of 1st March, 1809 (chapter 91), be captured in a trade from an enemy's port to the United States, the captors are entitled to it, and the United States cannot claim it on averment of the antecedent forfeiture.

[Cited in Donnell v. Jones, 17 Ala. 689.]

---

[1] [Reported by John Gallison, Esq.]
[2] [Affirmed in 8 Cranch (12 U. S.) 155.]

This was a prize allegation against the schooner Rapid and cargo. The facts of the case, as they appeared in the papers and preparatory examinations, were as follows:— That the schooner was enrolled and licensed for the cod-fishery, at Boston, on the 23d June, 1812, by Ebenezer Perry, as owner and master. That the schooner sailed from Boston for Eastport on the third day of July, 1812, having Mr. Jabez Harrison, the claimant, as a passenger, on board. That from Eastport the schooner proceeded to Indian Island, a British settlement within the province of Nova Scotia, where the property in question, to wit, seven boxes, one trunk, and two bales of goods, of English manufacture, were taken on board, as the property of Harrison. That the schooner sailed from Indian Island with said cargo, on the 7th of July, 1812, destined for Boston, or any other port of the United States that could be conveniently reached. The claimant in his affidavit admitted the substantial facts, and alleged, that the property was purchased before the war; and that he was a native citizen of the United States, and entitled to restitution accordingly. At the time of the schooner's departure from Boston, the declaration of war was fully known to all parties concerned in the voyage. The United States also interposed a claim for the goods, as forfeited for a breach of municipal law.

Wm. Prescott, for claimants, moved for further proof, in order to show, that the claimant's object was to withdraw the goods from the possession of the enemy.

Pitman & Cummings, for captors.
Wm. Prescott, for claimants.
G. Blake, for the United States.

STORY, Circuit Justice. Further proof is ordered, only when some doubt or question arises upon the case, as it is disclosed by the preparatory examination. If this examination shows a clear case of condemnation, no motion for an order of further proof will be sustained. The motion for further proof cannot be preliminary. The whole cause must be first argued on the facts, as now disclosed. If, after argument, the court think proper, they will then grant an order for further proof.

Mr. Pitman, for captors.

1. The claimants have violated the municipal laws, and the property is thereby made good prize. The Walsingham Packet, 2 C. Rob. Adm. 77. 2. It is good prize, as having been engaged in trade with the enemy. 1 C. Rob. Adm. 165; 4 C. Rob. Adm. 78; 5 C. Rob. Adm. 265; Id. 224.

Wm. Prescott, for claimants.

1. All the condemnations as prize, for trading with the enemy, are founded not on the public law, properly so called, but on the public law as enlarged in modern times by special ordinances. Neither Grotius, Puffendorf or Vattel, speak of such a trading, as a cause of forfeiture to the captors. Bynker-